**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DAMEON TYREESE LUNDY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-CV-0322-GKF-CDL** |
| | ) | |
| **JIMMY MARTIN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Petitioner Dameon Tyreese Lundy's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Dkt. 1).  Lundy, who appears *pro se*,[1] brings this action to challenge the lawfulness of his custody under the judgment entered against him in the District Court of Tulsa County, Case No. CF-2016-4383.  The Court has considered the petition (Dkt. 1), Respondent Jimmy Martin's response in opposition to the petition (Dkt. 6), records from state court proceedings (Dkts. 7, 9), and applicable law.  For the reasons discussed below, the petition is denied.

**BACKGROUND**

The facts that resulted in the challenged state-court judgment are undisputed.  As summarized by the Oklahoma Court of Criminal Appeals (OCCA),

> During a police encounter outside a Tulsa-area bar, [Lundy] was found to be in possession of a quantity of marijuana, approximately $3000 in cash, as well as 41 pills of assorted controlled substances (23 hydrocodone, 6 oxycodone, 10 methamphetamine, 1 amphetamine, and 1 alprazolam) and material commonly used to package pills for retail sale.

---

[1]   Because Lundy appears without counsel, the Court liberally construes his filings.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Dkt. 6-1, *Lundy v. State*, No. F-2018-104, at 2 (Okla. Crim. App. 2019) (unpublished) (OCCA Op.).[2]  Based on these facts, the State of Oklahoma charged Lundy with one count of unlawful possession of controlled drugs with intent to distribute (count one) and one count of acquiring proceeds from drug activity (count two).  Dkt. 7-11, Original Record (O.R.) 22.  The State sought to enhance the sentences of each count because they occurred after two felony convictions.  *Id*. at 24.  Lundy's case proceeded to trial, and the jury found him guilty of count one and not guilty of count two.  *Id*. at 125-26.  At the second stage of trial, the jury found Lundy committed this crime after former conviction of two or more felonies and recommended he be sentenced to 60 years' incarceration and a fine.  *Id*. at 127.  The trial court sentenced Lundy according to the jury's recommendations.  Dkt. 7-10, Tr. Sentencing Hr'g 3-4.

Represented by counsel, Lundy filed a direct appeal raising three claims.  Dkt. 6-2, Appellant's Br. 2.  First, Lundy argued the trial court erred in denying his motion to suppress evidence obtained from the search, because the search and seizure violated his rights under the Fourth Amendment.  *Id*. at 11.  Second, he argued his conviction was obtained in violation of his federal and state constitutional rights to due process because the evidence presented at trial was insufficient to sustain a conviction for the unlawful possession of drugs with intent to distribute.  *Id*. at 19.  And last, he argued the sentence imposed was excessive and shocks the conscience.  *Id*. at 27.  The OCCA reviewed Lundy's claims and denied each on the merits.  Dkt. 6-1, OCCA Op. 2-5.

Subsequently, Lundy filed the instant habeas petition, raising the same three claims he presented to the OCCA on direct appeal.  Dkt. 1, Pet. 6, 9, 11.

---

[2]  For consistency, the Court's citations refer to the CM/ECF header pagination.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of Lundy's claims.  Under the AEDPA, a federal court may grant habeas relief to a state prisoner "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In addition, before a federal court may grant habeas relief, the state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1)(A), by "fairly present[ing] the substance of his federal habeas claim[s] to state courts," *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  And, in most cases, the prisoner must file a federal habeas petition within one year of the date on which his convictions became final.  *See* 28 U.S.C. § 2244(d)(1).  In addition, under 28 U.S.C. § 2254(d), the AEDPA limits the ability of a federal court to grant habeas relief when a state prisoner's federal claims were "adjudicated on the merits in State court proceedings."  With respect to such claims, a federal court may not grant habeas relief unless the prisoner first demonstrates that the state court's adjudication of those claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, 28 U.S.C. § 2254(d)(2).

Martin concedes, and the Court finds, that Lundy timely filed his habeas petition, and the claims raised were exhausted on direct appeal.  Dkt. 6, Resp. 1-2.  Martin contends, however, that *Stone v. Powell*, 428 U.S. 465 (1976), bars relief as to claim one, 28 U.S.C. § 2254(d) bars relief as to claim two, and claim three does not present a cognizable habeas claim because it alleges only an error of state law.  *Id.* at 7, 11, 19.

## I.      ILLEGAL SEARCH AND SEIZURE

In his first claim for relief, Lundy alleges the officers' seizure of him and the subsequent search of his person violated the Fourth Amendment and that the trial court thus improperly admitted at trial evidence obtained from the search.  Dkt. 1, Pet. 6.  Lundy argues his surprised appearance and rapid movements while he was in his truck did not give the officers reasonable suspicion to stop him.  *Id*.  He contends "there was no reason for concluding petitioner was in need of help, or that he had committed, was committing or was about to commit a crime." *Id*.

Martin contends *Stone v. Powell*, 428 U.S. 465 (1976), bars habeas relief because Lundy fully and fairly litigated his Fourth Amendment claim in state court.  Dkt. 6, Resp. 7-11.  The Court agrees.  In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Brown v. Sirmons*, 515 F.3d 1072, 1082-83 (10th Cir. 2008) (quoting *Stone*, 428 U.S. at 494); *see also Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999) (affirming district court's application of *Stone* to bar habeas relief when petitioner filed a suppression motion, "repeatedly objected to the admission" of allegedly tainted evidence at trial, raised Fourth Amendment claim on direct appeal, and when "state courts thoughtfully considered the facts underlying petitioner's Fourth Amendment claim and rejected the claim on its merits, applying the appropriate Supreme Court precedent").

The record shows that at Lundy's preliminary hearing, Officer Blackwell testified about his encounter with Lundy in the Torchy's parking lot.  Dkt. 7-1, Tr. Preliminary Hr'g at 4-39.  At the preliminary hearing, Lundy's trial counsel raised an objection to the search, stating "[t]here is an argument that he's in custody and - - at this time, I just ask the Court to take a motion to suppress

under advisement pending my cross examination." *Id*. at 13.  After cross examination, Lundy's

trial counsel reurged his objection and oral motion to suppress. *Id*. at 41-42.  The trial court denied

Lundy's motion to suppress at that time.  *Id*. at 43.

Subsequently, Lundy filed a motion to quash the information, arguing that the seizure and

search were unlawful and, as a result, the State lacked sufficient evidence to support the charges.

making similar arguments to those made at the preliminary hearing.  Dkt. 7-11, O.R. 37-44.  The

State filed its response, arguing that the officers had probable cause or reasonable suspicion based

on the testimony at the preliminary hearing.  *Id*. at 45-51.  The trial court held a hearing on March

24, 2017, and after argument, took the matter under advisement.  Dkt. 7-2, Mot. Hr'g 8.  The trial

court denied the motion on April 3, 2017, finding the circumstances gave the officers "reasonable

suspicion that criminal activity was afoot."  Dkt 7-3, Mot. Hr'g 2-3.

On direct appeal, Lundy again raised his Fourth Amendment claim, arguing the evidence

obtained from the pat down should have been suppressed because the initial stop was pretextual

and the pat down exceeded the scope of a *Terry*[3] frisk.  Dkt. 6-2, Appellant's Br. 11-18.  The

OCCA reviewed this claim, and rejected it, reasoning

> [A]lthough [Lundy] moved before trial to suppress the fruits of his encounter with
> police, he did not renew his objection at trial, so our review is for plain error only;
> he must prove that an error occurred, that the error is plain and obvious, and that
> the error affected his substantial rights. *Seabolt v. State*, 2006 OK CR 50, ¶ 4, 152
> P.3d 235, 237.  We find no error, plain or otherwise, in the trial court's admission
> of this evidence.  The officers clearly had the right to approach [Lundy] in an open,
> public area, and speak to him.  *State v. Feeken*, 2016 OK CR 6, ¶ 6, 371 P.3d 1124,
> 1126.  The bar was notorious for drug activity, and [Lundy] made furtive
> movements in his vehicle when he first spotted the officers.  As they followed [him]
> to the bar entrance, the officers noticed the smell of raw marijuana emanating from
> his person.  The officers were authorized to ask a moderate number of questions to
> determine [Lundy's] identity and to obtain information confirming or dispelling
> their suspicions. *Berkemer v. McCarty*, 468 U.S. 420, 439-40, 104 S. Ct. 3138,
> 3150, 82 L.Ed.2d 317 (1984); *Prock v. State*, 1975 OK CR 213, ¶ 19, 542 P.2d 522,

---

[3] *Terry v. Ohio*, 392 U.S. 1 (1968).

526.  When [Lundy] admitted carrying marijuana, the officers had probable cause to arrest him and search his person incident to that arrest.  *Lozoya v. State*, 1996 OK CR 55, ¶ 35, 932 P.2d 22, 23; *State v. Thomas*, 2014 OK CR 12, ¶ 5, 334 P.3d 941, 943-44.  Proposition I is denied.

Dkt. 6-1, OCCA Op. 2-3.

The record is clear that Lundy litigated this matter on several different occasions.  This includes an oral motion to suppress, a written motion to quash, and a claim raised on direct appeal.  As such, the Court finds the instant case analogous to *Smallwood*, where the Tenth Circuit found a motion to suppress, an objection at trial, and a claim on direct appeal satisfied *Stone's* requirement.  *Smallwood*, 191 F.3d at 1265.  Thus, because the "State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, [Lundy] may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Stone*, 428 U.S. at 494.  The Court therefore denies the petition as to claim one.

## II.    INSUFFICIENT EVIDENCE

In his second claim for relief, Lundy reasserts his claim that the evidence was not sufficient to sustain his conviction.  Dkt. 1, Pet. 9.  He alleges the evidence presented at trial does not support a guilty verdict of unlawful possession of drugs with intent to distribute, because the jury acquitted him of acquiring proceeds from drug activity and he possessed only "one baggie."  *Id.*  On direct appeal, the OCCA rejected Lundy's claim, stating:

[A]t trial [Lundy's] strategy was to admit possession of controlled drugs, but claim they were only for personal use.  However, a rational juror could conclude, beyond a reasonable doubt, that [Lundy] was actually in the business of selling drugs, given the quantity and variety of drugs he was carrying, and the quantity and type of currency he was carrying (almost $3000, mostly in $20 bills).  *Jackson v. Virginia*, 443 U.S. 307, 319-20, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 590 (1979); *Spuehler v. State*, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04; *Newton v. State*, 1991 OK CR 127, ¶ 23, 824 P.2d 391, 396.  The evidence supports [Lundy's] conviction, and Proposition II is denied.

Dkt. 6-1, OCCA Op. 3-4.

Lundy contends the OCCA's decision is contrary to federal law, specifically *Jackson v. Virginia*, 443 U.S. 307 (1979), because the evidence of intent to distribute is not overwhelming and "controverted by evidence of possession for personal consumption." Dkt. 1, Pet. 9.

Martin contends the OCCA's decision was reasonable, because the evidence presented at trial supports each element of possession of a controlled drug with intent to distribute. Dkt. 6, Resp. 11-19. He argues the evidence presented at trial was overwhelming, and the possession of cash, marijuana, and a variety of pills (with some in a plastic bag) gives the reasonable inference that Lundy intended to distribute the same. *Id*. at 13-14.

Under the Due Process Clause of the Fourteenth Amendment, a criminal defendant cannot be convicted of a crime unless the state proves, beyond a reasonable doubt, every essential element of the crime charged. *Jackson*, 443 U.S. at 316; *In re Winship*, 397 U.S. 358, 364 (1970). Under *Jackson*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319; *see also Coleman v. Johnson*, 566 U.S. 650, 656 (2012) ("[T]he only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality."); *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (noting that *Jackson* "standard requires [reviewing court] to accept the jury's resolution of the evidence as long as it is within the bounds of reason"). In applying the *Jackson* standard on federal habeas review, the Court looks to state law to determine the substantive elements of the crime. *Johnson*, 566 U.S. at 655. "[B]ut the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Id.*

To obtain a conviction, the State had to prove that Lundy (1) knowingly and intentionally (2) possessed (3) a controlled dangerous substance (4) with the intent to distribute the same. Oklahoma Uniform Jury Instructions - Criminal (OUJI-CR) (2d) 6-4; Okla. Stat. tit. 63, §2-401(A)(1). The record shows that Lundy was carrying 41 pills of different varieties in a pill bottle, some wrapped in a plastic bag, and marijuana. Lundy was also in possession of a large amount of cash, mostly $20 bills. Dkt. 7-7, Tr. Vol. II 193-95, 254. Finally, Lundy was not in possession of any paraphernalia or device to consume the marijuana or other drugs. *Id*. at 196-97. Based on these facts, the Court finds the OCCA's decision was not contrary to or an unreasonable application of *Jackson*. The Court therefore denies the petition as to claim two.

## III.   EXCESSIVE SENTENCE

In his third and final claim for relief, Lundy contends the sentence imposed is excessive. Dkt. 1, Pet. 11. In support, he states that "the sixty year sentence [does] not bear a direct relationship to the nature and circumstance of the offense." *Id.* He also argues that changes in the law, after his conviction, now provide a lesser sentence than the one imposed. *Id*. Lundy committed his crime of conviction on July 28, 2016, and the trial court imposed sentence on January 19, 2018. Dkt. 7-11, O.R. 22, 127, 146. The State of Oklahoma amended its drug laws, effective November 1, 2018, to cap the penalty for possession with intent to distribute after two or more felony convictions at 20 years' incarceration. Okla. Stat. tit. 63, § 2-401(B)(1).

Lundy raised this claim on direct appeal, including argument of the law's change.[4] The OCCA found Lundy's claim to raise an issue of retroactivity. Dkt. 6-1, OCCA Op. 4. It held that "[n]othing in this amendment . . . authorizes retroactive application to crimes committed before

---

[4] Lundy filed his appeal brief after the voters of Oklahoma approved this amendment, but before the amendments to Okla. Stat. tit. 63, § 2-401 took effect.

the effective date." *Id*.  The OCCA concluded that Lundy "was sentenced properly under the law in effect at the time of the offense" and rejected his view that the sentence was excessive under the facts of his case.  *Id.*

Martin contends this claim raises only state law issues and thus is not a cognizable claim for this Court to consider.  Dkt. 6, Resp. 19-26.  The Court agrees.  Under 28 U.S.C. § 2254(a), a federal court may grant habeas relief to a state prisoner only if that prisoner shows that his state custody violates federal law.  *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (noting that a collateral attack on a state criminal judgment that is raised is state court must rest on noncompliance with federal law).  A federal habeas court "does not correct errors of state law."  *Graham v. McKune*, 269 F. App'x 785, 786 (10th Cir. 2008) (unpublished); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").[5] Cognizable claims are only those that allege a petitioner is in custody "in violation of the Constitution or law or treaties of the United States."  28 U.S.C. §2254(a).  Federal habeas courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2002).  Thus, federal habeas review of a sentencing claim ordinarily ends if the federal court determines that the petitioner's sentences are "within the limitation set by" state law.  *Id*.

In the instant case, Lundy's sentence was within the statutory limits when he committed the crime.  Okla. Stat. tit. 63, § 2-401(B)(1) (2012).  Normally, this would end the analysis.  But Lundy also reasserts his retroactivity argument, asking this Court to declare his sentence excessive

---

[5]  The Court cites *Graham*, and other unpublished decisions herein, as persuasive authority.  *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

because of recent changes in Okla. Stat. tit. 63, § 2-401(B)(1) modifying the maximum sentence from life to 20 years.  By reasserting his retroactivity argument in this habeas action, Lundy is essentially asking this Court to redetermine an issue of state law previously decided by the OCCA. This the Court cannot do.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *House v. Hatch*, 527 F.3d 1010, 1029 (10th Cir. 2008) ("A state court's interpretation of its own law is binding on a federal court conducting habeas review.").  Even assuming the OCCA misapplied state law when it declined to give retroactive effect to the state laws at issue, "that error can't serve as a basis for habeas relief" because "§ 2254 doesn't allow federal courts to grant relief for a violation of state law." *Dodd v. McCollum*, 715 F. App'x 844, 847 (10th Cir. 2017) (unpublished) *see also Arnett v. Janis*, No. CIV-20-432-J, 2020 WL 2873496, at *2 (W.D. Okla. May 15, 2020) (unpublished) (concluding that the proper application of Oklahoma House Bill 1269 was an issue of state law), *report and recommendation adopted by*, 2020 WL 2892222 (W.D. Okla. June 2, 2020) (unpublished).

Because the sentence imposed was within the statutory limits when Lundy committed his crime and because questions of § 2-401(B)(1)'s retroactivity are solely issues of state law, this claim is beyond the purview of this Court.  The Court therefore denies the petition as to claim three.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court

rejects the merits of petitioner's constitutional claims, the petitioner must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Lundy has not made the requisite showing on any of his claims to be entitled to a certificate of appealability, the Court denies a certificate of appealability.

 **ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **denied**.

2. A certificate of appealability is **denied**.

3. A separate judgment shall be entered in this matter.

 **DATED** this 2nd day of September 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE